# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

HARVEY EUGENE TAYLOR (#459587), )
)
    Plaintiff, )
)
v. ) No. 3:15-cv-00642
) Senior Judge Haynes
ASHLEY DENISE PRESTON, )
)
    Defendant. )

## MEMORANDUM

Plaintiff, Harvey Eugene Taylor, an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendant Ashley Denise Preston his former attorney.

According to his complaint, Plaintiff filed a petition for post-conviction relief from his state criminal conviction on July 30, 2010, and on August 25, 2010, the state criminal court appointed the Defendant to represent him in that proceeding. Plaintiff alleges that the Defendant did not even contact him until March 19, 2011, after she had already filed an amended post-conviction petition without consulting with him. Plaintiff alleges in great detail that in the course of her representation of him, the Defendant failed to communicate with him, failed to prosecute his action diligently or in a timely manner, caused or allowed his post-conviction hearing to be continued eight times, and utterly failed to prepare either Plaintiff or herself for his eventual hearing.

Plaintiff alleges that in December 2011 he filed a complaint about the Defendant's inadequate representation with the Tennessee Board of Professional Responsibility ("BPR"), that ultimately led to the temporary suspension of her license to practice law. Plaintiff alleges that

after her suspension was lifted, the Defendant was concerned only with questioning Plaintiff about why he had reported her to the BPR, and asking him to write the BPR to report that she was doing her job, rather than preparing for his post-conviction hearing. Plaintiff alleges that he was ultimately denied relief after his March 28, 2012 post-conviction hearing because the Defendant had failed to prepare, failed to contact any of the witnesses Plaintiff suggested, and failed to raise essential facts that would have established his innocence.

Plaintiff alleges that although the Defendant filed a notice of appeal from the denial of post-conviction relief at his instruction, the Defendant failed to communicate with him or to respond to his many letters during the pendency of the appeal. Plaintiff alleges that he asked the state court to replace his counsel, but that the state court denied his request. Plaintiff alleges that the Defendant missed the deadline to file his appellate brief, missed the court's 10-day deadline to explain or cure the failure to file a brief, but ultimately was allowed to file a late brief, all without any communication or explanation to the plaintiff. Plaintiff alleges that the brief filed by the defendant failed to raise essential facts to prove his innocence. The state court of criminal appeals affirmed the denial of relief.

Plaintiff alleges that he filed at least two more complaints about the Defendant's performance to the BPR, and that as a result of these complaints, among others, the Defendant's law license was once again suspended for one year on April 17, 2013, with the entire suspension conditionally probated. Plaintiff alleges that he informed the defendant in writing that he did not want her to represent him on his appeal to the supreme court, and that he filed a *pro se* notice of appeal and brief. Plaintiff alleges that despite his express instructions to cease representing him, the Defendant filed a brief on his behalf with the state supreme court without prior consultation

with him. Plaintiff alleges that the brief the defendant filed in the Tennessee Supreme Court was the same brief she had filed in the lower court, that failed to raise facts he deemed essential to his case. Plaintiff's petition to appeal to the state supreme court was denied.

The complaint is before the Court for an initial review pursuant to the PLRA, 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e©. Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-

pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Assuming Plaintiff's allegations about his post-conviction counsel was ineffective, an attorney appointed to represent a plaintiff in his criminal case, "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal

proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). This rule applies equally to attorneys appointed in criminal post-conviction actions. *See Albrecht v. Hamilton*, 233 F. App'x 122, 124 (3d Cir. 2007) (applying *Polk* to affirm dismissal of § 1983 suit against post-conviction counsel). Thus, the Court concludes that Defendant Preston was not acting under color of state law in the course of her deficient representation of the plaintiff, as required to make her liable under § 1983.

For these reasons, this action should be dismissed with prejudice for failure to state a claim for which relief can be granted.

An appropriate Order is filed herewith.

ENTERED this the ___ day of July, 2015.

_____
WILLIAM J. HAYNES, JR.
Senior United States District Judge