# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| HARVEY EUGENE TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-00642 |
| ) | Senior Judge Haynes |
| ASHLEY DENISE PRESTON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff, Harvey Eugene Taylor, an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 and his application to proceed *in forma pauperis*. (Docket Entry Nos. 1, 2 and 5.)

Under 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). From a review of Plaintiff's application, Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, his applications (Docket Entry Nos. 2 and 5) are **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the Morgan County Correctional Complex, as custodian of the plaintiff's prison trust account, is **DIRECTED** to submit promptly to the Clerk of Court the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the plaintiff's monthly income exceeds $10.00. 28 U.S.C. §

1915(b)(2). Payments shall continue until the $345.00 outstanding balance of the filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court is **DIRECTED** send a copy of this order to the warden of the Morgan County Correctional Complex to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust-fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

In accordance with the Memorandum filed herewith, the Court concludes this action is **DISMISSED** with prejudice for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

Plaintiff's motion (Docket Entry No. 3) to appoint counsel is **DENIED** as moot.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 13th day of July, 2015.

_____
WILLIAM J. HAYNES, JR.
Senior United States District Judge